*Mott-Smith & Lindsay* for Henrietta K. Bishaw.

---

## SUNG SO LIM *v.* T. MIYAUCHI AND T. MARUMOTO.
### No. 1035.

APPEAL FROM CIRCUIT JUDGE, THIRD CIRCUIT.
HON. J. W. THOMPSON, JUDGE.

SUBMITTED DECEMBER 7, 1917.                    DECIDED DECEMBER 26, 1917.

ROBERTSON, C.J., QUARLES AND COKE, JJ.

FRAUD—*conveyance—intent of parties.*
> The test of a fraudulent conveyance for a valuable consideration is the mutual intent of the parties. Fraudulent intent on the part of one is not sufficient without a corresponding intent on the part of the other.

SAME—*same—same.*
> The rule is settled that a conveyance by a debtor to one of his creditors in payment of his claim is not invalidated by the fact that it was made with an intent on the part of the vendor to defraud other creditors, where such intent is not known to, or participated in, by the purchaser.

SAME—*same—presumption of law where vendee is in possession of
property.*

The law presumes the possession of the vendee to have been
lawfully acquired, and where it appears that a sufficient consid-
eration was paid the transfer will be upheld unless it be affirma-
tively shown that he purchased in bad faith.

.OPINION OF THE COURT BY COKE, J.

The complainant, appellant, brought a suit in equity
to cancel and set aside a bill of sale and an assignment of
lease from respondent T. Miyauchi to respondent T.
Marumoto, also a lease from one J. G. Henriques to re-
spondent Marumoto, averring that complainant was, at
the time of these transfers, a creditor in a large amount
of the respondent Miyauchi and that the said several
transfers were fraudulent and made with the intent and
purpose of preventing complainant from collecting the
indebtedness due him from respondent Miyauchi. At the
conclusion of the trial the circuit judge rendered a de-
cision dismissing the bill of complaint and a decree to
that effect was thereafter entered. The complainant ap-
peals to this court. The appellant relies on three specifi-
cations of error claimed to have been committed by the
circuit judge, to wit, (1) that the evidence discloses that
a secret partnership existed between Miyauchi and Maru-
moto and that therefore the conveyance of Miyauchi to
Marumoto is void as against complainant; (2) that the
instruments sought to be set aside were without consider-
ation and void as against complainant; and (3) that the
transactions between Miyauchi and Marumoto relating
to the bill of sale, the assignment of lease and the new
lease to Marumoto are tainted with fraud.

There was unusual harmony in the evidence introduced
at the trial. Briefly stated this evidence shows that in
the year 1908 respondent Miyauchi was indebted to the

complainant herein in the sum of $908 for which Miyauchi executed his promissory note; that in September, 1915, the complainant brought suit against Miyauchi for the recovery of the amount due, and in November, 1916, judgment was recovered by complainant in the circuit court of the third circuit. It further appears that in the year 1909 the respondent Miyauchi and one Umeda were copartners conducting a draying and hauling business in the district of South Kona, Island of Hawaii, and that the firm was the owner of a number of horses, wagons and other chattels used in and about the business in which it was engaged. The firm was indebted to various parties, the largest creditor being H. Hackfeld & Co., to whom the sum of $3500 was owing. Umeda, desiring to leave for Japan, sold his interest in the firm to Miyauchi for the sum of $2000 and in order to pay Umeda and to liquidate the outstanding indebtedness of the firm Miyauchi, in 1909, borrowed the sum of $6700 from Marumoto and executed to him a mortgage covering the property formerly owned by the copartnership firm as security. In 1911, the amount of the indebtedness having been reduced by sundry payments to the sum of $4900, the old mortgage was canceled and a new mortgage, with the same security, was given by Miyauchi to Marumoto. In January, 1915, the amount remaining due to Marumoto from Miyauchi was $3885.75. The value of the property had greatly depreciated, and Miyauchi having become discouraged over the outlook of the enterprise, it was agreed that he should transfer to Marumoto all the property he then possessed, which was of the value of about $2500, and which was to be accepted by Marumoto in full settlement of Miyauchi's indebtedness to him, amounting at that time to $3885.75. For this purpose the transfers which the complainant now seeks to invalidate were made.

The evidence shows that Marumoto acquired the prop-

erty of Miyauchi in January, 1915, and that the convey-
ances were recorded in the office of the registrar of con-
veyances on the 30th day of January, 1915, and that not
until a long time subsequent to that date did Marumoto
become aware of the existence of the indebtedness of
Miyauchi to complainant.  The record in this cause affir-
matively discloses not merely a sufficient, but an abun-
dant consideration for the transfer from Miyauchi to
Marumoto.  On the other hand, the evidence fails to es-
tablish the existence at any time of a copartnership be-
tween Miyauchi and Marumoto.  Their relation seems to
have been solely that of debtor and creditor.  The evidence
further fails to disclose any act of fraud on the part of
Marumoto.  Whatever may have been Miyauchi's motives
for withholding from Marumoto information respecting
his indebtedness to the complainant at the time the bill
of sale was executed in January, 1915, certainly the evi-
dence fails to connect Marumoto with any fraudulent
purpose in connection with the transaction.  Even after
acquiring the property of Miyauchi still Marumoto would
sustain almost if not quite as large a loss as the amount
of the complainant's judgment.

The test of a fraudulent conveyance in the case of a
transfer of this nature made for a valuable consideration
is the mutual fraudulent intent of the parties.  Fraudu-
lent intent on the part of one is not sufficient without a
corresponding intent on the part of the other.  See 12
R. C. L. p. 531.  The rule is well settled that a convey-
ance by a debtor to one of his creditors in payment of his
claim is not invalidated by the fact that it was made with
an intent on the part of the vendor to defraud other credi-
tors where such intent is not known to, or participated in
by, the purchaser.  We can find nothing in the record in
this case from which it could be fairly inferred that the
respondent Marumoto was actuated other than by honest

·motives in his dealings with Miyauchi. The law presumes the possession of the vendee to have been lawfully acquired and where it appears that a sufficient consideration was paid the transfer will be upheld unless it be affirmatively shown that he purchased in bad faith. Bad faith on the part of Marumoto has not been shown.

The judgment and decree herein by the circuit judge dismissing the bill of complaint are affirmed.

*A. G. Correa* and *Lightfoot & Lightfoot* for complainant.
*J. W. Russell* for T. Marumoto.